IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN DUANE RAY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0487-G |
| | § | |
| MARY JO EARLE | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Kevin Duane Ray, an inmate in the Dallas County Jail, against his court-appointed lawyer, Mary Jo Earle. On March 17, 2006, plaintiff tendered a complaint to the district clerk and filed an application for leave to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the questionnaire on April 28, 2006. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Plaintiff is currently incarcerated in the Dallas County Jail awaiting trial on a felony charge of burglary of a habitation.  Although his pleadings are difficult to decipher, it appears that plaintiff is dissatisfied with his representation in the state criminal proceeding and the failure of his attorney to investigate the case, conduct discovery, and seek dismissal of the indictment.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1)   is frivolous or malicious;
>
> (2)   fails to state a claim upon which relief can be granted; or
>
> (3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff cannot maintain a federal civil rights action for at least two reasons. First, no state court or federal habeas court has ever determined that the terms of plaintiff's confinement are invalid. (*See Spears* Quest. #3). Plaintiff is therefore precluded from suing for money damages or declaratory relief under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Celestine v. 27th Judicial District Court*, 70 Fed.Appx. 232, 2003 WL 21729414 at *1 (5th Cir. Jul. 25, 2003), *cert denied,* 124 S.Ct. 1465 (2004) (*Heck* bars declaratory judgment action challenging validity of state criminal conviction). Second, the only defendant in this case is a private attorney appointed by the court to represent plaintiff in a state criminal proceeding. A private attorney appointed to represent an indigent defendant does not act under "color of state law" for purposes of section 1983 liability. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). For these reasons, plaintiff's claims are without an arguable basis in law.[2]

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

---

[2] To the extent plaintiff seeks dismissal of the state criminal indictment and an order releasing him from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, it does not appear that plaintiff has exhausted his state remedies by presenting the factual and legal basis of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. (*See Spears* Quest. #3). Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 1, 2006.

                                              JEFF KAPLAN
                                              UNITED STATES MAGISTRATE JUDGE